**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGOR VLADIMIROVICH BELOV, a.k.a. Igor Belov, a.k.a. Gary Sloan,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 05-73649<br><br>Agency No. A075-118-532<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 15, 2010
San Francisco, California

Before:  O'SCANNLAIN, TASHIMA, BEA, Circuit Judges.

Igor Vladimirovich Belov, a native and citizen of Russia, petitions for

review of a decision by the Board of Immigration Appeals ("BIA"), dismissing his

appeal from a decision by the Immigration Judge ("IJ").  The IJ denied Belov's

applications for asylum, withholding of removal and voluntary departure, but

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

granted his application for deferral of removal under the Convention Against Torture.

Belov challenges only the denial of withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1251(b)(1), and we deny the petition for review.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000). Both the IJ and BIA found Belov not credible. We review this adverse credibility finding for substantial evidence. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). The substantial evidence standard sets a high bar for reversing the BIA's decision: "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). If there is any ground for upholding the IJ's adverse credibility determination, and that inconsistency goes to the heart of the claim, then we uphold the adverse credibility finding. *Chechoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001).

Unlike most cases involving a denial of withholding of removal, whether Belov will be persecuted if returned to Russia is not the issue. The issue here is whether Belov is statutorily barred from withholding because "there are serious reasons to believe that the alien committed a serious nonpolitical crime outside the

2

United States before the alien arrived in the United States." 8 U.S.C.

§ 1231(b)(3)(B)(iii). Neither a conviction nor a confession is necessary for the

BIA to find that there are "serious reasons to believe" the alien committed a crime.

The term "serious reasons to believe" equates to "probable cause." *McMullen v.*

*INS*, 788 F.2d 591, 599 (9th Cir. 1986), *overruled on other grounds by Barapind v.*

*Enomoto*, 400 F.3d 744, 751 n.7 (9th Cir. 2005) (en banc) (per curiam).

Substantial evidence supports the BIA's determination that there are "serious

reasons to believe" Belov committed a serious nonpolitical crime in Russia. Here,

the BIA had an indictment and arrest warrant from the Russian authorities showing

that Belov is wanted in Russia for three murders, arms dealing, and mayhem.

Further, the record contains the transcript of the testimony of several witnesses

from Russia who testified against Belov in his U.S. criminal trials. In addition to

the Russian officials Belov claims would torture him if he is returned, two of his

former business associates also testified against Belov. Given that the BIA and IJ

both found Belov generally not credible, they were not required to believe Belov

over the testimony of these numerous official documents and witnesses.

The record also contains substantial evidence supporting the BIA and IJ's

adverse credibility finding against Belov. Belov testified inconsistently about the

length of his 1994 detention in Russia; whether he was already married to one

3

woman in Russia when he married another woman in the United States and sought an adjustment of status; and whether he signed various documents. Belov also admitted he failed to tell immigration officials about his arrests in Russia and then lied under oath during his asylum interview about the fact that he was wanted for murder, arms dealing, and mayhem in Russia.

Finally, the BIA did not abuse its discretion in denying Belov's request to supplement the record with the full transcript of his criminal trials in the United States because those transcripts were available at the time of his original immigration hearing. Furthermore, Belov failed to demonstrate what difference including the transcripts would make to the analysis of this case. 8 C.F.R. § 1003.2(c)(1) & (4).[1]

**PETITION DENIED.**

---

[1] Respondent's March 8, 2006 motion to file the sur-reply brief is granted. The Clerk shall file the sur-reply brief received on March 18, 2006.