FILED

FEB 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARAM TATINTSYAN, | No.    18-71056 |
| Petitioner, | Agency No. A208-418-612 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 16, 2019
Pasadena, California

Before:  CALLAHAN and CHRISTEN, Circuit Judges, and CHEN,[**] District Judge.

Aram Tatintsyan seeks review of an order of the Board of Immigration

Appeals (BIA) denying asylum, withholding of removal, and relief under the

Convention Against Torture (CAT).  The denial of relief was based primarily on a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

red notice issued by Interpol at Russia's request alleging that criminal charges had been filed against Tatintsyan. The BIA found that the red notice raised serious questions that Tatintsyan had committed "a serious nonpolitical crime outside the United States." *See* 8 U.S.C. § 1158(b)(2)(A)(iii). Tatintsyan, who was determined to be credible by the Immigration Judge (IJ), denies any knowledge of the alleged crime, and offered evidence undermining the reliability of the red notice and suggesting that Russian officials had a political motive for the red notice. Because we determine that the BIA's determination of "serious questions" is not supported by substantial evidence, we vacate the denial of immigration relief, and remand the case to the agency for consideration of Tatintsyan's claims on the merits.[1]

A person is ineligible for asylum if "there are serious reasons for believing that the alien has committed a serious nonpolitical crime outside the United States." 8 U.S.C. § 1158(b)(2)(A)(iii). Such a determination also renders a person ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(iii). We have held that a finding of "serious reasons" is tantamount to a finding of probable cause. *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011). We have also held that

---

[1] The facts are familiar to the parties and are restated here only as necessary to resolve the issues presented by this petition for review.

a finding of "serious reasons" must be affirmed if it is supported by substantial evidence. *Id.*; *Guan v. Barr*, 925 F.3d 1022, 1032 (9th Cir. 2019).

The BIA's determination that there are serious reasons for believing Tatintsyan committed a serious nonpolitical crime was based solely on Interpol's issuance of a red notice at Russia's request. The red notice, which issued in October 2016, over a year after Tatintsyan arrived in the United States, alleges that from August 2011 to December 2012, Tatintsyan engaged in a "preliminary conspiracy" with an unidentified "head of a municipal district" and "illegally got rights to municipal property" worth $289,668. The red notice further indicated that there was no "Copy of Arrest Warrant Available at the General Secretariat in the Language Used by the Requesting Country." Tatintsyan, who was deemed credible by the IJ, denied any knowledge of the alleged conspiracy. He also presented evidence that the government had persecuted him before he left Russia and that Russia has abused Interpol's red notice provisions for political reasons.

When affirming an agency's finding of serious reasons, we have cited to specific evidence that supports the reasons for believing an individual has committed a serious nonpolitical crime. *See Go*, 640 F.3d at 1053 (noting that Go "explicitly admitted under oath to being involved in a scheme to finance 'drug transactions'"); *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1188–89 (9th Cir. 2016)

3

(noting that the Guatemalan indictment alleged specific facts connecting Silva to the murder and was supported by an eyewitness whom the Guatemalan courts deemed credible). In our unpublished decision in *Belov v. Holder*, 385 F. App'x 624 (9th Cir. 2010), which the BIA cites in support of its decision, we noted that, in addition to Belov being found not credible, the BIA, in finding "serious reasons," also relied on an indictment and an arrest warrant from Russian authorities, the transcript of several witnesses from Russia, and testimony from two former business associates who testified against Belov. *Id*. at 625–26. Here, in contrast, the BIA relied on a single conclusory document, the reliability of which was undermined by both Tatintsyan's presentation of credible testimony that Russia has political reasons for charging him and evidence indicating that Interpol's red notices arising from Russia are not reliable. We conclude that on this record, the agency's finding of "serious reasons" is not supported by substantial evidence and must be vacated.[2]

In addition, in light of our remand of Tatintsyan's case for further consideration, we vacate the denial of Tatintsyan's claim for relief under CAT.

---

[2] Because the BIA's denial of withholding of removal was also based solely on the red notice, the denial of withholding is also vacated.

4

Because we find that the agency's finding of "serious reasons" to believe that Tatintsyan has committed a "serious nonpolitical crime" is not supported by substantial evidence, we **VACATE** the agency's denial of asylum and withholding of removal, **VACATE** the denial of relief under CAT, and **REMAND** for consideration of Tatintsyan's claims on the merits.[3]

---

[3] Because we vacate the denials of immigration relief, we do not address Tatintsyan's objections to his removal to Armenia.